In re PUBLIC SERVICE COMPANY
OF NEW HAMPSHIRE, Debtor.

PUBLIC SERVICE COMPANY OF
NEW HAMPSHIRE, Plaintiff,

v.

NEW HAMPSHIRE ELECTRIC
COOPERATIVE, INC.,
Defendant.

Bankruptcy No. 88–00043.

Adv. No. 88–00017.

United States Bankruptcy Court,
D. New Hampshire.

July 28, 1988.

Richard Levin, Don Willenburg, Los Angeles, Cal., and Marc J. Korpus, New York City, for Public Service Co. of New Hampshire.

Joel B. Zweibel, Geoffrey M. Kalmus, New York City, and Richard C. Gagliuso, Nashua, N.H., for the Unsecured Creditors Committee.

Howard J. Berman, Centereach, N.Y., for Equity Committee.

Virginia A. Greiman, U.S. Trustee.

Larry M. Smukler, Sr. Asst. Atty. Gen., Concord, N.H., Mark W. Vaughn, and Daniel J. Callaghan, Manchester, N.H., for State of N.H.

Connie L. Rakowsky, Concord, N.H., for New England Elec. Service.

David J. Dunfey, Boston, Mass., George J. Wade, and Barbara J. Gould, New York City, for Citicorp and Consolidated Utilities & Communications, Inc. (CUC).

Anne E. Solomon, Boston, Mass., for New England Utilities.

Daniel M. Glosband, Boston, Mass., for United Illuminating, New England Power, EUA Incorporation, Canal Elec. Co., and Montaup Co.

Anthony C. Marts, Manchester, N.H., for Amoskeag Bank and First Fidelity Bank.

Paul R. DeFilippo, Newark, N.J., for Midlantic Nat. Bank.

Edward McHugh, for Bank of New England.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding came before the court on July 15, 1988 for a continued hearing regarding a Motion for Summary Judgment filed by Public Service Company of New Hampshire (PSNH) and an Objection thereto filed by New Hampshire Electric Cooperative, Inc. (NHEC). The court originally heard the parties' arguments on May 20, 1988 and, after three continuances, the court heard the parties' final arguments on July 15, 1988.

The gist of PSNH's motion is that NHEC owes PSNH $4,794,771.74 for prepetition purchases of power and related services by NHEC from PSNH. The parties do not dispute the amount of PSNH's claim

against NHEC. PSNH's Complaint in this adversary proceeding and its above-referenced motion seek turnover of the above amount from NHEC. NHEC acknowledges the above debt to PSNH, however it claims that PSNH has no right to recover its claim against NHEC because the amount PSNH seeks to recover is subject to a right of setoff in favor of NHEC.

The issue presented by PSNH's motion and NHEC's objection is whether NHEC has a "claim" for setoff purposes under section 553 of the Bankruptcy Code. NHEC asserts that it has a contingent claim against PSNH based upon the possible rejection by PSNH of executory contracts with NHEC, which would result in a claim by NHEC against PSNH in the approximate amount of $58,386,000.00. The parties agree that the contracts have not yet been breached or rejected by PSNH, although NHEC maintains that PSNH's filing of a chapter 11 petition constitutes an anticipatory repudiation of its contracts with NHEC. PSNH responds that, whatever rights NHEC might have in the future if PSNH does reject its contracts with NHEC, NHEC has no present setoff rights and, accordingly, the only appropriate remedy is for this court to order immediate unconditional payment by NHEC. All parties present having been heard, the court hereby orders as follows:

1. The court's findings of fact and conclusions of law, dictated into the record at the conclusion of the continued hearing, are incorporated herein by reference and attached as Annex A hereto.

2. In accordance with the court's findings and conclusions, PSNH's Motion for Summary Judgment is granted and NHEC is ordered to turn over the uncontested amount it owes PSNH, namely $4,794,-771.74.

3. Nothing in this Order constitutes a determination by the court as to whether the circumstances presented by the pleadings and the record in this matter may or may not support a separate classification in the plan of reorganization for any claim by this non-debtor party should rejection occur and should that party at that time assert a claim for damages by virtue of the rejection.

## ANNEX A

*Extract of Findings of Fact and Conclusions of Law Dictated Into Record At Conclusion Of July 15, 1988 Hearing*

It seems to me that the court is presented with a unique situation that exists only in the bankruptcy world dealing with a limbo situation that is created by the filing of chapter 11 petition. That situation to my knowledge exists nowhere else in the legal world. That means that one party to the executory contract has to keep on performing while the other party does not have to until they decide whether they want to assume the contract or if they decide to reject it and it relates back and the whole thing is treated as a breach at the beginning. But in any event, one thing is clear is that Congress did intend that there be a limbo situation at the outset of the case.

I do not believe that the filing of chapter 11 is an anticipatory breach for that very reason. It seems to me that Congress intended to give the debtor an opportunity to take advantage of this limbo situation whether you like it or not, or if you think its fair or not, that is what Congress did. It created the situation where the non-debtor party has to keep performing even though the debtor does not need to. Now, there may be some equitable grounds or reasons why the debtor could be required to do certain things in conjunction with performance until a rejection agreement, but that's not what's presented here. With leases there is a specific provision, about commercial leases, about performance.

In terms of this executory contract, I think that is the procedural situation I'm presented with. I do not believe that there is any anticipatory breach and I do not believe that, as of this date, the non-debtor party here has a right of offset. I'm not convinced that New Hampshire law would not permit offset of a contingent claim in appropriate situations. There is at least language, I think, in one of those decisions

and the effect of the decision is to grant some equitable leeway or equitable discretion in applying an offset. I think that the whole concept of offset is an equitable doctrine that has developed primarily in equity and that it is a discretionary concept to some extent. But, in this particular case, facing up to Congress' creating this limbo situation, I don't think equitable discretion should be exercised. Even though, as I indicated, the non-debtor party has a cogent claim that it's unfair from its viewpoint to force it to pay up this money now and later it may be faced with rejection and then be able to assert a damage claim for the rejection.

The only ground in terms of exercise of discretion that the non-debtor party has given me here really is that its just unfair to lose its rights of offset by paying now when there may be rejection in the future. As I say, as a matter of law, I don't think it has a right of offset now. I don't think Congress in putting together all the statutory sections involved, including 365 as well as 553, reading all those sections together, support the finding that the non-debtor party has a present right of offset.

The relation-back business only comes into effect when and if the debtor rejects. To the extent that it has some kind of contingent right of claim, I think that both under federal law, if 553 is to be construed with the word "debt" defined by the Bankruptcy Code as I think it has to be, or under state law it's still a matter of discretion whether the court should permit offset in a contingent or inchoate sort of situation. For the reasons I've indicated during my questioning, I think that the court should not in this inchoate sort of situation put a brake or drag upon the debtor's rights to take reasonable time to make its assumption/rejection decision. I don't think it is appropriate to force the debtor into early litigation about offsets and damage claims on a contract which it might not even ultimately want to reject, and I think the whole thing will put a complete damper on the debtor's collecting monies clearly due to them. It's a situation that might be called unfair but I think it is essential for congressional purposes to give the debtor,

lets call it what it has to be called, a "limbo" situation in which it has rights and a non-debtor party does not.

This is not a case in which a showing has been made that a debtor-in-possession could reasonably make the assumption or rejection decision very shortly, or should be ordered to do so, and while that might be an equitable option in some cases I don't think its a matter that I should exercise discretion to order in this particular case. I think the defendant at the last hearing and in his pleadings does in effect recognize that that decision is not appropriate at this time.

To conclude, the matter before me is a Motion for Summary Judgment by the plaintiff-debtor and that motion will be granted and the defendant will be directed to pay the admitted undisputed debt of, is it exactly $5 million dollars, whatever the amount is supported by this record. I will include in the Judgment and in the Opinion or Order if I enter a separate Opinion, a determination that nothing in this decision is a determination by the court one way or another as to whether these circumstances may or may not support a separate classification in the plan of reorganization for any claim by this non-debtor party should rejection occur and should that party at that time assert a claim for damages by virtue of the rejection.